FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 2:07 pm, Dec 21, 2020*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | |
|---|---|
| MAURICE JERROD COPPAGE, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-73 |
| v. | |
| WARDEN MARTY ALLEN, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1]  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

---

[1]  While Plaintiff was incarcerated at Georgia State Prison in Reidsville, Georgia, at the time he filed his Complaint, doc. 1 at 3, it appears he has since been released, see doc. 13 (providing Court with non-prison address for Plaintiff).  However, Plaintiff has not moved to proceed *in forma pauperis* since being released or paid the requisite filing fee in its entirety.  Were this case to proceed, Plaintiff would be required to pay the entire filing fee immediately or obtain leave of Court to continue paying the fee in installments.

## PLAINTIFF'S CLAIMS[2]

Plaintiff alleges that on December 2, 2017 at Georgia State Prison, Defendant Hester withheld Plaintiff's meal because Plaintiff had kept him from going home on time the day before.  Doc. 1 at 5.  Plaintiff complained about the situation to Defendant Johnson, who notified Defendant Ford, the officer in charge of the shift, but Plaintiff was still not given his meal. When the second shift officer, Defendant Smith, arrived, Plaintiff notified him about the situation and explained his meal was on a nearby desk.  Defendant Smith notified his supervisor, Defendant Williams, who arrived and provided Plaintiff with three "pack outs," which the Court assumes to be a form of pre-packaged meal.  Id.  Though not entirely clear, Plaintiff appears to indicate the initial denial of a meal occurred during the morning hours of December 2, 2017, and he did not receive the pack-outs until evening time.  Id.

Plaintiff alleges his constitutional rights were violated and complains he was denied the right to eat the same food at the same time as the other prisoners.  He seeks damages for emotional distress, suing Defendants in their individual and official capacities.  Id. at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The

---

[2]  All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.    Plaintiff's Claims of Violation of Constitutional Rights**

The Court must determine whether Plaintiff's Complaint, alleging the deprivation of food on December 2, 2017, states a claim under 42 U.S.C. § 1983.

**A.    Eighth Amendment**

"To state an Eighth Amendment claim . . . a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). The United States Supreme Court has recognized food as an "identifiable human need," the deprivation of which could constitute an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Cooper v. Sheriff, Lubbock Cnty., 929 F.2d 1078, 1083 (5th Cir. 1991) ("Because depriving a

prisoner of adequate food is a form of corporal punishment, the [E]ighth [A]mendment imposes limits on prison officials' power to so deprive a prisoner."). However, the courts have also determined that "it does not violate the Constitution for a prison to feed a prisoner a minimal amount of food, for a limited number of days." Phillips v. Governor, State of Ga., No. 17-12501, 2017 WL 9513011, at *8 (11th Cir. Dec. 13, 2017).

In the case of Turner v. Warden, GDCP, 650 F. App'x 695, 702 (11th Cir. 2016), the Eleventh Circuit Court of Appeals concluded that, although the plaintiff alleged he was not given any food for a 24-hour period, he "was not regularly deprived of adequate nutrition and points to no evidence that his health was jeopardized due to this single deprivation." The Turner court held the deprivation of food in that case " d[id] not rise to the level of cruel and unusual deprivations." Id.

Other cases in this Circuit have reached similar conclusions. See Hoever v. Belleis, 703 F. App'x 908, 911 (11th Cir. 2017) (dismissing Eighth Amendment claim where plaintiff alleged officers deprived him of lunch but did not assert missing one meal worsened his health); Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (holding plaintiff failed to state a claim based on routine deprivation of lunch to him five days per week for about five months as there was no allegation of "an unreasonable risk of serious damage to his health"); Novak v. Beto, 453 F.2d 661, 665, 668 (5th Cir. 1971) (finding solitary confinement diet consisting of two slices of bread a day and a full meal every 72 hours did not violate cruel and unusual punishment clause).

A review of Plaintiff's Complaint indicates the denial of food was an isolated incident, lasting approximately twelve hours or less. Doc. 1 at 5. There is no allegation this limited deprivation posed an unreasonable risk of serious damage to Plaintiff's health. While the

4

withholding of food from prisoners can certainly trigger Eighth Amendment concerns, especially when used as a form of punishment, the Court finds the circumstances of the deprivation in this instance, in particular the duration of the deprivation, do not rise to the level necessary to impose liability under § 1983.  See Turner, 650 F. App'x at 702 (concluding 24-hour deprivation of food "d[id] not rise to the level of cruel and unusual deprivations").  As a result, Plaintiff fails to state a plausible Eighth Amendment claim based on the Defendants' actions in this case.

### B.    Due Process Clause of the Fourteenth Amendment

The Court also finds Plaintiff's allegations of food deprivation fail to state a plausible claim under the Due Process Clause.  Under the Due Process Clause, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; . . . an individual claiming a protected liberty interest must have a legitimate claim of entitlement to it."  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989).  "[T]he touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is . . . the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'"  Wilkinson v. Austin, 545 U.S. 209, 223 (2005).  Specifically, these state created liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

In a case regarding similar allegations, the Eleventh Circuit noted that, "[a]lthough [plaintiff] was deprived of one meal per day [while in disciplinary confinement]," the alleged "conditions did not constitute such a 'dramatic departure' from ordinary prison life as to give rise to a protected liberty interest."  Moulds v. Bullard, 345 F. App'x 387, 396 (11th Cir. 2009).

5

Here, the Court similarly concludes the deprivation of food in this case for 12 hours does not amount to "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486.  As such, any due process claim by Plaintiff should fail.

### C.     Equal Protection Clause of the Fourteenth Amendment

Lastly, the Court considers whether Plaintiff's allegations of food deprivation state a claim under the Equal Protection Clause of the Fourteenth Amendment.  Generally, "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).  If the alleged differential treatment does not affect a fundamental right or single out a suspect class, Plaintiff would still need to show there was no rational basis for the treatment.  Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000).

Here, Plaintiff fails to allege he was treated differently based on some constitutionally protected interest.  He also fails to sufficiently allege he was treated differently from similarly situated prisoners.  While Plaintiff generally alleges he was not given the same food at the same time as the other prisoners, doc. 1 at 6, nothing in the Complaint indicates his situation was identical to the other prisoners in all respects.  The law requires that "[t]o be 'similarly situated,' the comparators must be prima facie identical in all relevant respects." Grider v. City of Auburn, 618 F.3d 1240, 1264 (11th Cir. 2010) (quotation and emphasis omitted).  "[D]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." Campbell v. Rainbow City, 434 F.3d 1306, 1314 (11th Cir. 2006).  It appears any different treatment of

6

Plaintiff was related to his particular behavior from the prior day and not due to a discriminatory reason. For these reasons, Plaintiff fails to state a plausible equal protection claim.[3]

As outlined in the sections above, Plaintiff fails to state a claim under 42 U.S.C. § 1983. Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka,

---

[3] Additionally, Plaintiff has not alleged a physical injury stemming from his withheld food, and therefore, he cannot recover compensatory or punitive damages for his alleged emotional distress. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."); see also Al-Amin v. Smith, 637 F.3d 1192, 1198–99 (11th Cir. 2011) (holding that in absence of physical injury, recovery of compensatory and punitive damages by prisoner is barred under 42 U.S.C. § 1997e(e)).

314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA